UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KAMLESH BANGA,<br><br>  Plaintiff,<br><br>  vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and DOES 1 through 10 inclusive,<br><br>  Defendants. | Case No: C 09-04867 SBA<br><br>**ORDER**<br><br>Docket 9 |

Plaintiff Kamlesh Banga ("Plaintiff") brings the instant action against Defendant Experian Information Solutions ("Defendant") alleging violations of the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.1 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Compl., Dkt. 1. The parties are presently before the Court on Plaintiff's motion for leave to file an amended complaint. Dkt. 9. Defendant opposes the motion. Dkt. 24. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.   DISCUSSION**

  **A.   Legal Standard**

Rule 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir.

2003). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations and internal quotation marks omitted). The factors are not to be given equal weight. Eminence Capital, 316 F.3d at 1052. Prejudice to the opposing party must be given the greatest weight. Id. Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Id.

The party opposing the amendment carries the burden of showing why leave to amend should not be granted. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). The trial court has discretion to grant or deny leave to amend. See Cal. v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

### B. Motion for Leave to File an Amended Complaint

Plaintiff moves for an order granting leave to file an amended complaint that: (1) adds new facts in support of her existing claims; and (2) adds a new claim against Defendant. Pl.'s Mtn. at 2.[1]

#### 1. Request for Leave to Add Facts In Support of Existing Claims

Plaintiff requests leave to amend her complaint to allege that Defendant provided her credit report to American Express ("AMX") on July 14, 2009, June 30, 2012 and July 4, 2012 for "account review" purposes notwithstanding the fact that Plaintiff did not have an active account with AMX. Id. Defendant contends that undue delay, undue prejudice, and futility of amendment warrant denial of Plaintiff's motion.

With regard to undue delay, Defendant argues that Plaintiff's motion should be denied to the extent it seeks leave to allege that Defendant provided her credit report to AMX for account review purposes on July 15, 2009 because Plaintiff unduly delayed in

---

[1] In her moving papers, Plaintiff requested leave to add Kohl's Department Store as a Defendant. Dkt. 10. Plaintiff, however, abandoned this request in her reply. Dkt. 27.

seeking leave to add this allegation. Def.'s Opp. at 3. The Court agrees. Plaintiff offers no explanation for why she waited until now to seek leave to amend her complaint despite having knowledge of the facts underlying this allegation in October 2010.[2] "Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant").[3]

With regard to prejudice, Defendant failed to specifically articulate the undue prejudice it would suffer by virtue of allowance of the amendment. Instead, Defendant simply states that it would be "highly prejudicial" for it to have to litigate the "issues" raised by this allegation. The Court finds that Defendant has failed to demonstrate that it will be prejudiced by the amendment. Indeed, the amendment merely seeks to add a new instance of previously alleged statutory violations. Chrysler Corp. v. Fedders Corp., 540 F.Supp. 706, 715 (S.D.N.Y. 1982) (noting that certain factors may justify permitting late amendment of pleadings such as adding a new instance of a previously alleged statutory violation). Thus, amendment will not alter the nature of the litigation or require Defendant to undertake a new course of defense. Moreover, Plaintiff filed the instant motion well

---

[2] Plaintiff admits that she waited nearly two years to file the instant motion after discovering on October 20, 2010 that Defendant had provided her credit report to AMX on July 15, 2009. Dkt. 10.

[3] The Ninth Circuit has not precisely defined the meaning of "undue delay." In some cases, the Ninth Circuit has indicated that the inquiry involves whether allowing an amendment would cause delay in the operative trial schedule. See, e.g., Loehr v. Ventura County Community College District, 743 F.2d 1310, 1320 (9th Cir. 1984) (permitting an amendment "would have substantially complicated and delayed the case for new discovery, responsive pleadings, and considerations of state law"). In other cases, the Ninth Circuit has described the party's delay in moving to amend as the appropriate touchstone; undue delay has occurred when a party has filed a motion for leave to amend long after it should have become aware of the information that underlies that motion. See, e.g., Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.").

before the discovery deadline, and Defendant does not contend that the amendment will cause any delay in the operative trial schedule.

With regard to futility, Defendant argues that Plaintiff's motion should be denied because granting leave would "simply repeat what has already been litigated and decided by this Court" in a prior case. Def.'s Mtn. at 5. The Court finds Defendant's conclusory argument regarding futility insufficient to demonstrate that Plaintiff's motion should be denied. Defendant failed to adequately discuss the prior case, let alone demonstrate that granting leave to amend would be futile based on any issue litigated in that case. While Defendant suggests that the doctrine of res judicata applies to bar any claim that Defendant willfully and negligently violated the FCRA and CCCRAA by obtaining her credit reports for an impermissible purpose, Defendant did not cite any authority or provide any legal analysis establishing the applicability of this doctrine.[4] Accordingly, because Defendant's argument is unsupported, it lacks merit. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

For the reasons stated above, the Court finds that Defendant has failed to demonstrate that leave to amend should be denied. While Plaintiff has unduly delayed in seeking leave to amend, Defendant has failed to make a sufficient showing regarding the other relevant factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend with "extreme liberality." Eminence Capital, 316 F.3d at 1052. Therefore, Plaintiff's motion for leave to amend to add new allegations in support of her existing claims is GRANTED.

### 2. Request for Leave to Add a New Claim

Plaintiff seeks leave to add a new claim against Defendant. Pl.'s Mtn. at 2. Specifically, Plaintiff seeks to add a claim alleging that Defendant "breached the terms of

---

[4] In a footnote, Defendant states that it will file a motion for judgment on the pleadings based on the doctrine of res judicata. Def.'s Opp. at 3 n.2.

the [parties'] Stipulated Protective Agreement entered on May 26, 2009 and [the] Stipulated Protective Order entered on May 27, 2009 by attaching plaintiff's credit report in support of [its] motion for summary judgment in the previous action No. 08-cv-04147," i.e., Banga v. Experian Information Solutions, Inc., 08-4147 SBA.  Id.  Defendant argues that undue delay, undue prejudice, and futility warrant denial of Plaintiff's motion.  Def.'s Mtn. at 4.

With regard to undue delay, the Court finds that Plaintiff has unduly delayed in seeking leave to add a claim predicated on Defendant's breach of a protective agreement and protective order entered in May 2009.  A review of the docket in Banga v. Experian Information Solutions, Inc., 08-4147 SBA reveals that Defendant filed a renewed motion for summary judgment on December 18, 2009.  See 08-4147 SBA, Dkt. 247.  Plaintiff offers no explanation for why she waited until now to request leave to add this claim despite having knowledge of the facts underlying this claim in December 2009.  See Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986) (late amendments to assert new theories are not viewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action).

With regard to prejudice, the Court finds that this factor weighs against granting leave to amend.  Plaintiff seeks to add a new claim nearly three years after the commencement of this action that will alter the nature of this litigation and require Defendant to undertake a new course of defense.  See Morongo Band, 893 F.2d at 1079.

With regard to futility, the Court finds that Defendant has shown that granting leave to amend would be futile.  According to Defendant, Plaintiff's credit reports were not filed in connection with its renewed motion for summary judgment in Banga v. Experian Information Solutions, Inc., 08-4147 SBA.  A review of the docket reveals that Defendant is correct.  See 08-4147 SBA, Dkt. 247, 248.  In her reply, Plaintiff does not dispute Defendant's contention, which the Court construes as a concession that Defendant did not file her credit reports in connection with its renewed motion for summary judgment.  Instead, Plaintiff argues for the first time that Defendant filed her credit reports in support

of its opposition to Plaintiff's motion for sanctions in Banga v. Experian Information Solutions, Inc., 08-4147 SBA.  Pl.'s Reply at 4.  Because this argument was not raised in Plaintiff's opening brief, the Court disregards it.[5]  See Zango, Inc. v. Kaspersky Lab, Inc., 568 F.3d 1169, 1177 n. 8 (9th Cir. 2009) ("arguments not raised by a party in an opening brief are waived"); Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  Accordingly, Plaintiff's request for leave to amend to add a new claim against Defendant is DENIED.

## II.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.    Plaintiff's motion for leave to file an amended complaint is GRANTED IN PART AND DENIED IN PART.  Plaintiff's motion is granted to the extent it seeks leave to add allegations in support of her existing claims.  Plaintiff's motion is denied to the extent it seeks leave to add a new claim against Defendant.  Plaintiff shall file a first amended complaint that complies with this order by no later than seven (7) days after the date this order is filed.

2.    This Order terminates Docket 9.

IT IS SO ORDERED.

Dated: 3/25/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[5] The Court also disregards the other arguments made by Plaintiff for the first time in her reply brief, including her contention that Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA") and California Civil Code § 1798.85.  Pl.'s Reply at 5.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


BANGA et al,

        Plaintiff,

  v.

EXPERIAN INFORMATION SOLUTIONS, INC. et al,

        Defendant.
                                        /

Case Number: CV09-04867 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 25, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Kamlesh Banga
P.O. Box 6025
Vallejo, CA 94591


Dated: March 25, 2013
                                    Richard W. Wieking, Clerk

                                            By: Lisa Clark, Deputy Clerk